By the Court.—Church, Ch. J.
The only question in this case is whether the guardian of a minor son of an intestate is entitled to letters of administration in preference to an adult daughter.
The decision must depend upon the construction of the several sections of the statute relating to the subject, which are contained in 2 Rev. Stat., 69. ch. 6, tit. 2.
Section 14 of 2 Rev. Stat., 71, provides for granting letters with the will annexed, and prescribes the order of preference ; first to legatees, then to the widow and next of kin of the testator or to any creditor, “ in the same manner, and under the like regulations and restrictions, as letters of administration in case of intestacy.”
Section 27 of 2 Rev. Stat., 74, relates to cases of intestacy, and specifies several classes of persons entitled, and declares the order of preference, and then provides that if any of the persons so entitled be *19 minors, administration shall be granted to the guardians. Section 28 (2 Rev. Stat., 74) gives males a preference over females who are otherwise equally entitled, and section 32 (2 Rev. Stat., 75) prohibits the appointment of minors.
Section 33. “If any person who would otherwise be entitled to letters of administration as next of kin, or to letters of administration with the will annexed, as residuary or specific legatee, shall be a minor, such letters shall be granted to his guardian, being in all respects competent, in preference to creditors or other persons.’ ’
The theory of the appellant is that no provision is made in section 14 (2 Rev. Stat., 71), for the case of a person entitled, who is a minor, and that section 33 (2 Rev. Stat., 75) was inserted for that purpose, and' therefore applies only to cases of administration with the will annexed, as provided in that section.
This construction is not tenable. Section 14 does provide for minors, by expressly adopting the various regulations and restrictions, prescribed by the subsequent sections in cases of intestacy. The regulations and restrictions thus adopted are (so far as applicable to this point) that the next of kin are divided into several classes, having priority as specified in section 37; that guardians shall be appointed when any of the persons entitled are minors ; that males shall be preferred to females ; that minors shall not be appointed in any case. These provisions apply to letters granted to the next of kin under section 14, as directly and positively, as to those granted under section 37. There was, therefore, no necessity for section 33, for the purpose claimed by the appellant, of authorizing the appointment of guardians of minors, in cases of letters with the will annexed. That authority was expressly conferred by section 37 in cases of intestacy, and adopted by section 14 in cases of administration with the will annexed. *20 The purpose of section 33 was to declare and fix the position in order of preference, of guardians of minor relations, and it is evident that this position is the same, whether the administration granted is under section 14 with the will annexed, or under section 27 in case of intestacy. There is no reason for a distinction in the two cases, and a proper interpretation of the several sections when collated, does not justify the recognition of any such distinction.
The obvious policy of the statute is to grant admin, istration directly to those most interested in the estate, and the appointment of the representatives of persons entitled is purposely preferred only to strangers.
The order of the general term must be affirmed with costs, to be paid out of the estate.
All the judges concurred.
Order affirmed with costs to the respondent, to be paid out of the estate.